IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM CARNEY, parent and natural guardian of PAISLEY CARNEY, a minor, Plaintiff, vs GEICO, Defendant. | Civil Action No. 17-1486 |

O R D E R

On November 15, 2017, Defendant, GEICO, filed a Notice of Removal, removing this action, which had been filed in the Court of Common Pleas of Fayette County, to this Court on the basis of diversity of citizenship jurisdiction. In the Complaint, Plaintiff, Adam Carney, parent and natural guardian of Paisley Carney, alleged that GEICO breached its contractual duties and engaged in bad faith under Pennsylvania law, 42 Pa. C.S. § 8371, when it incorrectly determined that Paisley Carney was not a resident of the Carney household and therefore denied the Carneys' claim for underinsured motorists (UIM) benefits after Paisley was injured in a motor vehicle accident and the tort feasor tendered his policy limits of $50,000.00. Defendant then filed an answer and the case was scheduled for a Rule 16 Conference on January 11, 2018.

However, on November 30, 2017, Plaintiff filed a motion to remand the case to state court. On December 12, 2017, a Report and Recommendation (R&R) was filed, which recommended that the motion be denied on the ground that the cases Plaintiff cited were declaratory judgment action cases, in which federal courts may abstain from exercising jurisdiction in certain situations. Because this was not a declaratory judgment action case, this line of reasoning did not apply and there was no basis for this Court not to exercise jurisdiction

over this case (ECF No. 14).

On December 20, 2017, Plaintiff filed two documents: a motion to amend (ECF No. 16), in which Plaintiff requests that Count I be amended to allege a declaratory judgment action; and a document titled "objections" (ECF No. 15), in which Plaintiff requests that the Court "reconsider" the R&R after having granted the motion to amend and "relinquish" jurisdiction to the Court of Common Pleas. Finally, on December 26, 2017, Plaintiff filed a document titled "Motion to Stay Proposed Rule 26(f) Report and Proposed ADR Stipulation" (ECF No. 17), in which Plaintiff seeks to be relieved of the responsibility of responding to the Defendant's proposed Rule 26(f) report and ADR stipulation until such time as the Court rules on the pending motions.

Plaintiff's motion to amend will be denied for several reasons. As an initial matter, the Court is far from certain that a "motion to amend" is an appropriate response to an R&R. Rather, the record to be reviewed by the district judge is the record as presented to the magistrate judge and addressed in the R&R. In addition, it is not clear that what Plaintiff is proposing is really a declaratory judgment action. See, e.g., Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 226 (3d Cir. 2017) (plaintiffs requested a declaration that Pennsylvania law required their employers to provide UIM coverage and then sought damages in the amount of UIM coverage that would have been provided). Under Plaintiff's approach, every breach of contract action would contain a declaratory judgment element in that the complaint would request that the court "declare" the defendant to be in breach. Plaintiff has not cited any authority to support this proposition (indeed, Plaintiff's filings contain no legal citations at all) and the Court is unaware of any cases that have so held.

Second, Plaintiff did not attach a proposed amended complaint to the motion. This is

significant because the Court cannot discern whether Count I of the proposed amended complaint seeks only a declaration that Plaintiff is entitled to UIM benefits or a request for such benefits. In either event, however, the complaint would still seek legal relief in Count II, which alleges a bad faith claim under Pennsylvania law. Indeed, Plaintiff asserts that "we are seeking a sum in excess of $75,000.00 in this Count" alone. As a result, even if amended, the Complaint would seek both legal and declaratory relief. Whether the Court should maintain jurisdiction over such a mixed complaint is based on the application of the independent claim test as explained by the Court of Appeals in Rarick, 852 F.3d at 229. Plaintiff has not addressed this issue.

Because the motion to amend should be denied, there is no basis for granting Plaintiff's motion for reconsideration, which is premised upon the granting of the motion to amend. Therefore, the "objections," treated as a motion for reconsideration, will be denied. Finally, there is no basis for the delay of the parties' responsibilities to exchange Rule 26(f) material and appear for a Rule 16 conference. Therefore, the motion to stay will be denied.

AND NOW, this 2nd day of January, 2018,

IT IS HEREBY ORDERED that Plaintiff's motion to amend (ECF No. 16) is denied.

IT IS FURTHER ORDERED that the "objections" filed by Plaintiff, treated as a motion for reconsideration, is denied.

IT IS FURTHER ORDERED that Plaintiff's motion to stay (ECF No. 17) is denied. The parties are reminded of their obligations to complete a Rule 26(f) report and appear in this Court on Thursday, January 11, 2018 at 9:30 a.m. for a Rule 16 conference.

Plaintiff may file objections to the R&R by January 16, 2018. Defendant may file a response to the objections by January 30, 2018.

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge